# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2013

Lyle W. Cayce
Clerk

No. 12-50309
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TARA CARTER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-78-2

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tara Carter pleaded guilty conditionally to conspiracy to possess with intent to distribute 50 kilograms or more of marijuana and was sentenced to 30 months in prison, followed by three years of supervised release. She now appeals the denial of a pretrial motion to suppress statements she gave at border checkpoints on December 27 and December 28, 2009, and an incriminating letter found during a search of her purse on the second occasion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual findings for clear error and the ultimate conclusion regarding constitutionality de novo. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). Our factual review is particularly deferential given that the court's ruling followed live testimony. *United States v. Aguirre*, 664 F.3d 606, 612 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1949 (2012).

With respect to the statement on December 27, 2009, the district court did not err by concluding that Carter knowingly and voluntarily waived her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The "presence or absence of coercive behavior on the part of the government" is a crucial factor in determining whether a *Miranda* waiver is voluntary. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). Although Carter was initially handcuffed and detained in a cell prior to the interrogation, "such basic police procedures as restraining a suspect with handcuffs have never been held to constitute sufficient coercion to warrant suppression." *Id.* at 295. During the interview, Carter was not handcuffed, the interview took place in a room other than the cell in which she was initially detained, and none of the agents displayed weapons or stood over her in an intimidating way. The record supports the district court's conclusion that Carter's waiver was voluntary.

Carter next argues that the December 28, 2009, search of a car and her purse violated the Fourth Amendment because she did not consent to the search, and any consent she gave did not extend to her purse. Although the district court found she consented, the court also found–correctly–that the search was authorized based on probable cause because a canine alerted to the car. *See United States v. Ned*, 637 F.3d 562, 567 (5th Cir.), *cert. denied*, 132 S. Ct. 276 (2011); *see also Florida v. Harris*, __ U.S. __ , No. 11-817, 2013 WL 598440 *7 (Feb. 19, 2013). Whether Carter consented to the search is, therefore, irrelevant. Carter does not challenge the district court's probable cause finding and has thus abandoned any such argument. *See United States v. Scroggins*, 599 F.3d 433,

447 (5th Cir. 2010). Once the agent had probable cause, he was permitted to search any part of the car, including containers–such as Carter's purse–where contraband might be concealed. *See United States v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005); *United States v. Ross*, 456 U.S. 798, 820-21, 825 (1982). Contrary to Carter's argument, the agent's unfolding of the incriminating letter found in Carter's purse did not exceed the permissible scope, given, inter alia, the agent's testimony that he smelled burned marijuana and that a personal use amount of marijuana could have been concealed in the folded letter.

Carter also challenges the statement she gave to Agent Gomez at secondary inspection on December 28, 2009, asserting that she was in custody and, therefore, *Miranda* warnings were required. Whether a suspect is in custody is an objective determination that looks to (1) the circumstances surrounding the interrogation, and (2) whether, given the circumstances, "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). The ultimate inquiry is whether there was "a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." *Id.* (internal quotation marks and citations omitted).

Carter was told to exit the car and sit on a bench while the car was searched, but there is nothing to indicate that she was restrained in the sense of an arrest; she was not handcuffed or placed under formal arrest when her car was sent to secondary inspection, nor was she placed in a cell or interview room, and only one agent was present. Her mere referral to secondary inspection, without more, did not constitute custody for *Miranda* purposes. Accordingly, we find no error in the district court's determination.

As for the statements Carter subsequently gave to Agent Praznik, Carter signed a *Miranda* waiver, and she does not challenge the validity of that waiver. Accordingly, she has abandoned that issue. *See Scroggins*, 599 F.3d at 447. Finally, although Carter's summary of the argument asserts that her detentions

on December 27 and December 28 were illegal and unduly prolonged, she offers no analysis or argument in the body of her brief. She has likewise abandoned those contentions. *See Scroggins*, 599 F.3d at 447.

　　AFFIRMED.